IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CITY UNION MISSION, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-00662-CV-W-BCW |
| | ) |
| MIKE SHARP, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT SHARP'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

COMES NOW R. Travis Willingham on behalf of Defendant Mike Sharp and submits the following suggestions in opposition to Plaintiff's Motion to Amend Judgment:

The Plaintiff filed a thirteen-count complaint. (Doc. # 1). This Court's Order of September 14, 2018, dismissed counts one through twelve and left only the individual capacity count against Defendant Mike Sharp to proceed in this matter. (Doc. # 63). Thus, at this time, Defendant Mike Sharp is the only Defendant and the claim proceeding against him is in his individual capacity.

**I. Plaintiff's request for permanent injunction against Defendant Sharp is not appropriate.**

Defendant Mike Sharp in his individual capacity cannot be sued for injunctive relief. See, Frank v. Relin, 1 F.3d 1317, 1327 (2d Cir. 1993) ("equitable relief could be obtained against [defendant] only in his official, not his individual, capacity…); Kirby v. City of Elizabeth City, 388 F.3d 440, 452 n.10 (4th Cir. 2004); and Feit v. Ward, 886 F.2d 848, 858 (7th Cir. 1989)(equitable relief "can be obtained only from the defendants in their official capacities, not as private individuals.").

1

Plaintiff's Count XIII, the sole remaining count in Plaintiff's Petition alleges that Defendant Sharp, in his individual capacity, violated Plaintiff's Constitutional rights. (Doc. # 1). However, Defendant Sharp is no longer the Jackson County Sheriff and is only being sued in in individual capacity. Therefore, Plaintiff's individual capacity claims for injunctive relief fail for lack of redressability because Defendant Sharp lacks authority to comply with an injunction in his individual capacity. As an individual, Defendant Sharp lacks authority to comply with an injunction to instruct to any official or agent of the Jackson County Sheriff's Department to act in any certain way. Accordingly, redressability is absent.

Here, Plaintiffs complain of acts allegedly committed by Defendant Sharp during his tenure as Jackson County Sherriff. As Plaintiff's concede in their pleadings, Defendant Sharp is no longer Sheriff, therefore there is no existing actual threat being committed by the Defendant.

**II. Plaintiffs fail to show exceptional circumstances to warrant reconsideration.**

Plaintiff's Motion to Convert Preliminary Injunction to Permanent Injunction Against previously dismissed Defendant Jackson County is essentially a Motion to Reconsider under the Federal Rules of Civil Procedure 60(b)(2). The Federal Rules of Civil Procedure "do not mention motions for reconsideration." Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (citing Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999)). Courts have determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (quoting Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir. 2003)). Further, "such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." Minn. Supply Co. v Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006).

Motions for reconsideration are limited to correcting manifest errors of law or fact or to present newly discovered evidence. Arnold v. ADT Sec. Servs., 627 F.3d 716, 721 (8th Cir. 2010) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time." Id.

Plaintiff previously requested this Court reconsider its order dismissing Defendants Jackson County Sheriff's Office and Jackson County, Missouri. (Doc # 53 and 59). Plaintiff's second request to reconsider the dismissal of Jackson County is based upon its claim that there has been a discovery of new evidence. The alleged new evidence is deposition testimony from sheriff department employees. A close examination of the relied upon deposition testimony reveals that there was no new evidence discovered and instead the employees were asked to make legal interpretations in a hypothetical setting and the cited testimony of Beach actually relates to different statutes not discussed here involving living restrictions for sex offenders. The Plaintiff does not present any "newly discovered evidence" showing Jackson County's unlawful use of §566.150. Plaintiff's motion makes conclusory arguments from the deposition testimony to infer that the County is rejecting the Court's interpretation of §566.150. Further, Plaintiff attempts to use deposition testimony related to pre-litigation interpretations to argue that current directives are consistent with directives in place years ago. Plaintiff fails to show any newly discovered evidence that the County is enforcing or upholding an unconstitutional application of the law. Nor has there been any showing of exceptional circumstances requiring extraordinary relief

Here the Plaintiff has failed to uphold the high burden required for the Court to grant a motion for reconsideration because this Court has already ruled on Plaintiff's prior Motion for

3

Reconsideration of the same order at issue. Further, Plaintiff does not present any new evidence nor demonstrates a manifest error of law or fact. Instead, the Plaintiff uses likely inadmissible deposition testimony to suggest that new evidence has been discovered based on the Plaintiff's own conclusory interpretation of the testimony. The Court has already dismissed Jackson County from this action and reconsidering this dismissal based upon a new legal theory would be inappropriate.

Therefore, the Plaintiffs Motion for Permanent Injunction should be denied.

Respectfully submitted,
Office of the County Counselor

By: /s/ R. Travis Willingham
R. Travis Willingham #56756
Chief Deputy County Counselor
Jackson County Courthouse
415 E. 12th Street, Suite 200
Kansas City, Missouri, 64106
Phone: (816) 881-3442
Facsimile: (816) 881-3398
twillingham@jacksongov.org

CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, the foregoing was electronically filed using the Court's CM/ECF system, which sent notification to all counsel of record.

/s/ R. Travis Willingham
R. Travis Willingham
Chief Deputy County Counselor