IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CITY UNION MISSION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-00662-BCW |
| | ) | |
| MIKE SHARP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Permanent Injunction Against Defendants (Doc. #84). The Court, being duly advised of the premises, denies said motion.

## BACKGROUND

Plaintiff City Union Mission, Inc. ("the Mission") is a not-for-profit corporation that provides food, housing, ministry, and sometimes employment to "poor, homeless, and downtrodden" people in Kansas City, Missouri. The Mission's principal place of business is 1100 E. 11th St. in Kansas City, but also provides services at other locations. The Mission's primary men's shelter is located at 1108 E. 10th St., which, in part, falls within five hundred feet of Margaret Kemp Park, which has playground equipment.

Mo. Rev. Stat. § 566.150.1 provides that "[a]ny person who has been found guilty of [any certain identified crimes involving a minor] shall not knowingly be present or loiter within five hundred feet of any real property comprising any public park with playground equipment or a public swimming pool." Mo. Rev. Stat. § 566.150.1 (2017).[1]

---
[1] Individuals falling within the definition of Mo. Rev. Stat. § 566.150.1 as subject to this five hundred feet exclusion are referred to collectively as, "Affected Persons"

The Mission alleges that in May 2016, Defendants Jackson County Sheriff Mike Sharp, the Jackson County Sheriff's Office, and Jackson County, Missouri ("Defendants") began interpreting and enforcing § 566.150.1 to prohibit Affected Persons from being present any Mission property because some of the Mission's property fell within 500 feet of a park. In September 2016, Defendants revised this interpretation to prohibit Affected Persons from being present on any Mission property that has any part of it that falls within 500 feet of a park. In practical terms, as expressed by Defendants to the Mission by email, under the Defendants' interpretation of the statute, Affected Persons could be housed at certain property owned by the Mission, but not could not be housed at the primary men's shelter location at 1108 E. 10th St. The Mission sought reconsideration of this interpretation, but Defendant Jackson County told the Mission that § 566.150.1 applied to Affected Persons within 500 feet of a park.

On February 8, 2017, Defendants notified the Mission that Affected Persons could not work at the Mission shelter at 1108 E. 10th St. The Mission alleges that as a result of Defendants' interpretation and enforcement of § 566.150.1, the Mission's ability to provide services has been hindered.

On August 9, 2017, the Mission filed thirteen claims against Defendants. However, Counts I through XII were dismissed. Thus, the Mission's remaining claim is Count XIII for violation of the first amendment of the U.S. Constitution against Sheriff Mike Sharp in his individual capacity. (Doc. #1).

The Mission also filed a motion for preliminary injunction (Doc. #3), requesting injunctive relief against Defendants in three ways: (1) enjoin Defendants from enforcing or threatening to enforce § 566.150.1 against the Mission and its employees while they are working, or against people seeking the Mission's services; (2) enjoin Defendants from enforcing or threatening to

enforce § 566.150.1 against Affected Persons present on the Mission's property; and (3) enjoin Defendants from imposing a substantial burden on the religious exercise of the Mission, its employees, and its guests, in a manner that is not narrowly tailored to further a compelling government interest. The Court granted the Mission's motion for preliminary injunction. (Doc. #64).

In the instant motion, the Mission argues the preliminary injunction should be converted to a permanent injunction against Defendants Sharp and Jackson County (Doc. #84). Defendant Sharp responds that the Mission's request for permanent injunction is inappropriate. (Doc. #92).

## LEGAL STANDARD

To prevail on a motion for preliminary injunction, the moving party must show that four factors weigh in favor of granting injunctive relief. Dataphase Sys. Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). First, the party must show that they are likely to succeed on the merits of their case. Id. Second, the party must show that the balance weighs in its favor between the threat to each party's rights from the grant or denial of the injunction. Id. Third, the party must show the impact on the public interest. Id. Last, the party must show irreparable harm. Id. The standard for granting a permanent injunction is "essentially the same" except one key difference. Oglala Sioux Tribe v. C & W Enterprises, Inc., 542 F.3d 224, 229 (8th Cir. 2008). "A permanent injunction requires the moving party to show actual success on the merits, rather than the fair chance of prevailing on the merits required for a standard preliminary injunction." Id.

## ANALYSIS

Plaintiff requests permanent injunctive relief against Defendants in two ways: (1) enjoin Defendant Sharp from enforcing § 566.150.1 against Affected Persons present on the Mission's property in violation of the Mission's constitutionally protected activities; and (2) enjoin

Defendant Jackson County from enforcing § 566.150.1 against Affected Persons present on the Mission's property in violation of the Mission's constitutionally protected activities. (Doc. #85). Specifically, the Mission argues that the preliminary injunction against Defendants should be converted to a permanent injunction because the Court previously found the Dataphase factors weighed in favor of a preliminary injunction, and the record now establishes actual success on the merits. Defendant Sharp counters a permanent injunction against him would offer no redressability to Plaintiff because Sharp is no longer an official or agent of the Jackson County Sherriff's Department. Defendant Sharp further asserts the motion for permanent injunction against Jackson County is essentially a motion to reconsider dismissal of Jackson County, and Plaintiff has not met the standard to warrant reconsideration.

1. **THE PERMANENT INJUNCTION AGAINST DEFENDANT SHARP IS DENIED.**

The Mission argues it can show actual success on the merits. In support, Plaintiff argues the Court upheld the Mission's understanding of § 566.150.1 in its Order granting preliminary injunction. (Doc. #64). Plaintiff asserts discovery "confirms" that Defendant Sharp and his office continue to interpret the statute contrary to the Court's Order. (Doc. #85). For example, Plaintiff points to the deposition of Sergeant Russell Beach, where he explained that his office's position was that Affected Persons who used the Mission's services were loitering in violation of the statute. (Doc. #85-1). Defendant Sharp counters asserting the permanent injunction against him is an inappropriate remedy, as he is being sued in his individual capacity. Further, Defendant Sharp is no longer the Jackson County Sheriff, and is no longer in a position to comply with any injunction regarding the enforcement of a statute.

To convert a preliminary injunction into a permanent injunction, the movant "must attain actual success on the merits" rather than a chance at prevailing. Bank One, Utah v. Guttau, 190

4
Case 4:17-cv-00662-BCW   Document 113   Filed 02/10/20   Page 4 of 7

F.3d 844, 847 (8th Cir. 1999). Then, the Court must balance the harms to the parties and consider public interest factors. Id. Of note, courts in the Eighth Circuit pay close attention to the capacity in which the defendant is being sued, "because there may be legal relief against a person in an individual capacity, and equitable relief against a person in an official capacity." Hill v. Anderson, No. CIV. 06-4497 PJS/JJG, 2008 WL 319898, at *2 (D. Minn. 2008); see also Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989) ("A state agent, however, may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim.").

The Court agrees with Defendant Sharp that permanent injunction against him is an inappropriate remedy. Defendant Sharp is no longer the Jackson County Sheriff and is no longer employed by the state in a police capacity. As such, he lacks authority to comply with an injunction to enforce a statute, or an injunction to instruct officers of the Jackson County Sheriff's Department to enforce a statute in a Court-specified way. Moreover, given that the sole remaining count is against Defendant Sharp in his individual capacity, an injunction against him would not provide Plaintiff with the relief it seeks, because such an injunction would not stop the present Jackson County Sheriff from wrongful interpretation and application of the statute. For these reasons, Plaintiff's motion to convert the preliminary injunction against Defendant Sharp into a permanent injunction is denied.

2. **THE PERMANENT INJUNCTION AGAINST JACKSON COUNTY IS DENIED.**

The Mission argues a permanent injunction should be extended to cover Jackson County. In support, Plaintiff relies on deposition testimony to show that Jackson County employees continue to believe the statute bans Affected Persons from the Mission. Plaintiff asserts the County will not change its policy towards enforcing the statute without a permanent injunction. Plaintiff thus asks the Court to reconsider the dismissal of Jackson County based on new evidence of the

5

Case 4:17-cv-00662-BCW   Document 113   Filed 02/10/20   Page 5 of 7

County's unlawful interpretation and enforcement of the statute. Defendant Sharp counters that a permanent injunction against Jackson County is inappropriate, as Jackson County was previously dismissed as a defendant and the Mission has not presented new evidence that warrants reconsideration of the dismissal.

The Federal Rules of Civil Procedure do not provide for a "motion for reconsideration." Therefore, such a motion is construed under Fed. R. Civ. P. 59(e) or 60(b). Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc., No. 3-09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 10, 2010). Rule 59(e) provides for the correction of manifest errors of law or consideration of newly discovered evidence. Id. (citing Keys v. Wyeth, Inc., No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa Apr. 14, 2009)). Rule 60(b) provides for reconsideration of a final order based on excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Disc. Tobacco, 2010 WL 3522476, at *1. Reconsideration of an interlocutory order is appropriate only if the moving party shows either (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error of law. United States v. Luger, 837 F.3d 870, 875 (8th Cir. 2016). Motions filed under these rules fall within the exercise of the district court's discretion. Id.

The newly discovered evidence proffered is deposition testimony from Jackson County employees. Plaintiff offers the deposition testimony to show that Jackson County continues to interpret the statute to ban Affected Persons from the Mission. However, the testimony is not "new evidence." Rather, the testimony consists of individual employees explaining their interpretation or opinion of the statute. The testimony does not show that Jackson County is actually enforcing the statute in an unconstitutional manner.

6

Case 4:17-cv-00662-BCW   Document 113   Filed 02/10/20   Page 6 of 7

The Court therefore agrees with Defendant Sharp that a permanent injunction against Jackson County is not appropriate. Plaintiff's motion to reconsider the dismissal of Jackson County based on new evidence of the County's unlawful interpretation and enforcement of the statute falls short of the standard required for a motion to reconsider. Thus, the Court declines to reconsider its previous dismissal of Jackson County as a Defendant. Consequently, Jackson County is not a defendant in this case, and the Court will not issue a permanent injunction against it. Accordingly, it is

ORDERED Plaintiff's Motion for Permanent Injunction Against Defendants (Doc. #84) is DENIED.

IT IS SO ORDERED.

DATE: <u>February 10, 2020</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT
